IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH RAY BATES,

                Petitioner,         Case No. 3:03 CV 7284

  -vs-

                                   O R D E R

UNITED STATES OF AMERICA,

                Respondent.

KATZ, J.

      Petitioner, Kenneth Ray Bates, has filed a motion pursuant to Federal Rule Civil Procedure 60(b) challenging some irregularity or procedural defect in this Court's denial of his previous 28 U.S.C. § 2255 motion,. The Government has filed a response and the Petitioner a reply. After review of the lengthy memoranda filed by the parties, the Court finds that the motion filed by the Petitioner is not only without merit, but has not been timely filed. Therefore, it will be dismissed.

**BACKGROUND**

      Petitioner and Moses B. Anthony and James E. Allison, Jr. were charged on September 3, 1998 in a two count indictment; that indictment charged the defendants with armed bank robbery and use of a firearm during a crime of violence, all in violation of 18 U.S.C. §§ 2113(a) and (b), and 2 and 924(c). Petitioner's two co-defendants entered pleas of guilty. After the Court granted Bates' motions with respect to removal of his first and second attorneys appointed by the Court, a third was appointed and the matter proceeded to trial. Multiple additional motions were filed and denied by the Court. All

relevant matters with respect to pretrial motions are well set forth in the Government's memorandum herein.

After his jury trial resulted in a finding of guilty, the Court found that Petitioner should be sentenced at a total offense level 34 and a criminal history category VI, the guideline range of which was 262 - 327 months. Bates was sentenced to 264 months on count 1 and 60 months on count 2, to be served consecutively.

Upon direct appeal of both his conviction and sentence, the Sixth Circuit affirmed the District Court's judgment in all respects on April 15, 2002. *United States v. Anthony, et al.,* 39 Fed.Appx. 91, 93, 2002 WL 562669 (6th Cir. 2002) (unpublished).

Thereafter, Bates filed a motion on June 11, 2003 to vacate the judgment pursuant to 28 U.S.C. § 2255, raising three separate claims of ineffective assistance of counsel and one claim that his "career offender" designation was a separate aggravated crime to be charged in the indictment and presented to the jury. On September 5, 2003 the Court denied his 2255 motion, stating that "none of the issues raised by the Petitioner have a scintilla of merit and most have previously been addressed on direct appeal." His request for a certificate of appealability was denied on January 23, 2004 and the United States Supreme Court denied a writ of certiorari on May 5, 2004.

In the instant 85 page document styled as a motion, Bates raises the following claims:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void:
(5) the judgment has been satisfied, released, or discharged, or a prior judgment

>upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>(6) any other reason justifying relief from the operation of the judgment.

**DISCUSSION**

While Bates insists he does not seek to invalidate the judgment of conviction in his case, but only to show that the procedure used at his suppression hearing was in violation of his constitutional right to confront witnesses, the motion is clearly one under Rule 60(b). That rule states that there are six different reasons to obtain relief from a civil judgment; the first three involve mistake or inadvertence, newly discovered evidence, or fraud or misrepresentation. The rule states that with respect to reasons one, two and three, any motion must be filed not more than one year after the judgment, order or proceeding was entered. This clearly has not been complied with by the within motion. The order denying section 2255 relief was filed on September 5, 2003, almost two years before the instant motion was filed. While other subsections of Rule 60(b) have no bright line time limits, as to section (6), which justifies the filing for "any other reason justifying relief from the operation of the judgment," Bates' motion does not present any exceptional or extraordinary circumstances which justify reopening of this Court's order. Most of the current claims which Bates raises have been raised and addressed in prior proceedings. These are set forth and addressed in subsection 2 of the Government's response and the Court agrees completely with the analysis set forth therein.

With respect to the sentencing enhancements, the Government addresses this in subsection 3. Suffice to say that the Court properly enhanced his sentence under Sentencing Guideline § 3C1.1 for obstruction of justice as a result of perjury he committed on the witness stand and pursuant to Guideline § 3A1.2, which was a victim-related adjustment as a result of Bates being accountable for his co-defendant

Anthony's shooting at a public officer during their flight from the bank robbery site. Bates also argues that he should not have received an enhancement as a career criminal because it was not alleged in the indictment, nor was any such evidence presented to the jury. The recent cases of *United States v. Booker,* 125 S.Ct. 738 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) do not impact this case. In *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005) this Circuit held that the *Booker* rule does not apply retroactively in collateral proceedings. Therefore, the sentencing enhancement claims do not provide Bates any basis to reopen the Court's order denying Section 2255 relief.

**CONCLUSION**

Not only has this motion been untimely filed, it presents nothing which would justify the extraordinary relief of reopening a previous judgment. For the reasons stated above and those well briefed in the Government's memorandum in opposition, Petitioner's motion (Doc. No. 15) will be denied and dismissed.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE